UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON MICHAEL THOMAS,<br><br>Defendant. | No. 1:14-cr-00228-NONE<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COMPASSIONATE RELEASE DENIAL<br><br>(Doc. No. 483) |

On June 3, 2020, defendant Brandon Michael Thomas moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his medical conditions and the risks allegedly posed to him by the ongoing coronavirus ("COVID-19") pandemic. (Doc. No. 461.) The court denied defendant's motion on September 2, 2020. (Doc. No. 472.) Defendant filed a notice of appeal of the court's order denying compassionate release, which he subsequently withdrew. (Doc. Nos. 478, 481, 482.) On February 23, 2021, defendant moved for compassionate release once again. (Doc. No. 483.) The government responded on March 26, 2021. (Doc. No. 489.) Defendant did not file a reply brief and the time to do so has now passed. The court construes

/////

/////

/////

1

defendant's second motion for compassionate release as a motion for reconsideration.[1] For the reasons explained below, the court will deny defendant's motion for reconsideration.

"Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases." *United States v. Jones*, 916 F. Supp. 2d 83, 86 (D.D.C. 2013). The Local Rules provide that motions for reconsideration in criminal cases must demonstrate "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." E.D. Cal. R. 430.1(i). Here, in seeking reconsideration of the denial of relief, defendant Thomas for the most part merely repeats the same arguments that were raised in his original motion. (*See, e.g.*, Doc. No. 483 at 11–12 (arguing that circumstances from April and May of *last year* warrant release at this juncture).) As noted by the government, two factual circumstances have changed since the court denied defendant's motion in September 2020, both of which weigh against his compassionate release. (*See* Doc. No. 489 at 1.)

Defendant is serving his sentence at the Bureau of Prisons' ("BOP") Lexington Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). (Doc. No. 483 at 8.) At the time defendant's release was denied last year, FMC Lexington reported one active COVID-19 case among inmates and zero cases among staff, while noting that eight inmates had previously died due to complications from COVID-19. (Doc. No. 472 at 9–10.) Currently, FMC Lexington is reporting one active case among inmates and one active case among staff; however, the number of inmates at that prison who have unfortunately died due to COVID-19 is now reported as nine—an increase of one death since September of 2020. *See COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited May 5, 2021). Because the number of active cases among inmates at FMC Lexington has remained unchanged at only one over the last nine months, the risk of COVID-19 posed to defendant Thomas is, at worse, unchanged. Therefore, any claim of changed circumstances at FMC Lexington fails to support the granting of

---

[1] In arguing that he has exhausted administrative remedies with respect to the pending motion, defendant cites to administrative requests he submitted prior to the filing of his original motion. (*See* Doc. No. 483 at 19.)

2

defendant's release at this time.  Second, defendant's claim that he is at higher risk of contracting a severe illness due to COVID-19 is not supported by any recent developments in his health.  It is true that defendant suffers from one serious medical complication, namely leukemia.  (Doc. No. 472 at 8.)  However, as the court noted at the time it denied his original motion for compassionate release, defendant contracted COVID-19 in the middle of last year but showed no symptoms.  (*Id.* at 9.)  Thus, the court concluded that defendant's risk was too speculative to warrant his release.  Recent develops in defendant's medical status further support that original conclusion.  In early January of this year, defendant refused the COVID-19 vaccine even though he "was on a priority list" according to the BOP.  (*See* Doc. No. 494 at 62 (sealed).)  Defendant does not explain why he refused the vaccine, and in fact, that fact was omitted from his motion for reconsideration.  (*See passim* Doc. No. 483.)  In cases where an inmate cites the risk of contracting COVID-19 as a basis for relief but refuses to receive a vaccine, courts across the country "have nearly uniformly denied compassionate release" because such refusal "undercuts [an inmate's] fear of infection."  *See United States v. Robinson*, 17 Cr. 611-7 (AT), 2021 WL 1565663, at *3 (S.D.N.Y. Apr. 21, 2021) (collecting cases).  While defendant Thomas has the right to refuse medical treatment, his failure to provide any explanation for his refusal to be vaccinated significantly undermines his argument that he is at serious risk of contracting a severe illness from COVID-19.  Finally, on February 22, 2021—a day before he moved for reconsideration—it was noted by the BOP that defendant "[a]ppear[ed] [w]ell, [a]lert, and [o]riented[.]"  (Doc. No. 494 at 4 (sealed).)  Based on both existing and new information regarding defendant's medical condition, his purported risk of contracting a severe illness from COVID-19 clearly does not establish "extraordinary and compelling reasons" warranting his compassionate release.[2]  Accordingly, the court need not

---

[2] In a notice of supplemental authority, the government correctly observes one change to the legal framework of compassionate release since defendant's original motion was denied.  (Doc. No. 495.)  The Ninth Circuit recently held "that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  "In other words, the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant."  *Id.*  The Ninth Circuit clarified that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180

address whether defendant's release would be consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a).

For the reasons explained above, defendant Thomas' second motion for compassionate release (Doc. No. 483) is denied.

IT IS SO ORDERED.

Dated: **May 5, 2021**

_____
UNITED STATES DISTRICT JUDGE

---

(7th Cir. 2020)). While recognizing the broad authority district courts now have in determining whether "extraordinary and compelling reasons" exist, the undersigned concludes that no extraordinary or compelling circumstances of any kind exist in this case that would justify the granting of the requested relief. Defendant Thomas has already contracted COVID-19 while displaying no symptoms, has received proper care from the staff at his medical facility of confinement (*i.e.*, FMC Lexington) where he appears to be doing well, and he has refused to receive the COVID-19 vaccine without providing any justification for that refusal.